```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
ANTONIO ORTIZ-APONTE,           :
                                :
          Petitioner,           :   Civ. No. 20-7187 (NLH)
                                :
     v.                         :   OPINION
                                :
DAVID ORTIZ,                    :
                                :
          Respondent.           :
_____:
```

APPEARANCE:

Antonio Ortiz-Aponte
35382-069
Inmate Mail/Parcels
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Antonio Ortiz-Aponte, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

    Petitioner pled guilty to conspiracy to possess between 2 and 3.5 kilograms of cocaine in a protected area, 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), (2).

United States v. Ortiz-Aponte, No. 3:10-cr-0251 (D.P.R. Feb. 14, 2011) (ECF No. 1187).[1]  The court sentenced Petitioner to a total of 217 months imprisonment to be served consecutively with Petitioner's state convictions.  Id.

Petitioner filed an appeal in the United States Court of Appeals for the First Circuit seeking to withdraw his guilty plea.  The First Circuit affirmed the sentence and denied Petitioner's request to withdraw his plea.  United States v. Ortiz-Aponte, No. 11-1259 (1st Cir. Nov. 29, 2012).  Petitioner subsequently filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  Ortiz-Aponte, No. 3:10-cr-0251 (D.P.R. Feb. 5, 2014) (ECF No. 3116).  The district court denied the petition, id. (June 13, 2014) (ECF No. 3156), and the First Circuit dismissed the appeal as untimely, Ortiz-Aponte v. United States, No. 14-1923 (1st Cir. Jan. 28, 2015).

II.  DISCUSSION

A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

>it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues the District of Puerto Rico did not have jurisdiction to prosecute him because the indictment "does not

3

charge the offense of 21:841(2)(4) or 21:860 But are only referenced. . . . The Court's [sic] has no Jurisdiction to Prosecute unindicted offense's 5th Amendment Right Violation." ECF No. 1 at 6.  He also asserts he is actually innocent of his § 924(c) conviction because "the indictment never charged a[n] offense of committing a drug trafficking crime."  Id.

Both claims challenge the integrity of the indictment. Section 2255 contains an explicit provision that permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence" to file a motion to vacate, set aside, or correct the sentence in the sentencing court.  28 U.S.C. § 2255(a).  Since the plain text of the statute permits a prisoner to challenge the jurisdiction of the trial court via § 2255, § 2255 is not ineffective or inadequate such that this Court would have jurisdiction under § 2241. Petitioner could have challenged the validity of the indictment either on direct appeal or in his § 2255 motion as there is no indication that an intervening Supreme Court case redefined the elements of the offenses such that Petitioner's actions no longer qualify as illegal.  Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of

4

justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the First Circuit.  28 U.S.C. §§ 2244, 2255(h).  The Court finds that it is not in the interests of justice to transfer this habeas petition to the First Circuit as it does not appear that Petitioner can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the First Circuit's permission to file on his own should he so choose.

III. CONCLUSION

    For the foregoing reasons, the petition is dismissed for lack of jurisdiction.

    An appropriate order will be entered.

Dated: February 26, 2021        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.